ADAMS, Justice.
The plaintiffs, John Leeper and Judy Leeper, appeal from a summary judgment entered in favor of Manuel D. New and Yvonne L. New. We reverse and remand.
The Leepers alleged the wrongful foreclosure on a mortgage on certain land purchased by the Leepers from the News. The evidence indicates that the parties have had numerous disputes over the property.
The pertinent facts follow: The News and the Leepers entered into an agreement by which the Leepers would purchase the property from the News. The News later sought to back out of the sale. In an attempt to enforce the agreement, the Leepers sued the News. The court entered a judgment for the Leepers; that judgment required the parties to execute a new agreement. The parties did execute the new agreement, but the new agreement included terms not in the original agreement. The Leepers asked the trial judge for clarification of his order, and he entered an order stating that the terms of the new agreement were to be the same as those of the original agreement.
In fact, a provision inserted into the new agreement purported to require that the Leepers obtain insurance on the property by a certain date. Although the original agreement had not required insurance, the Leep-ers obtained insurance, but the insurance company later cancelled it because the property insured was located outside the city limits. The Leepers subsequently obtained insurance from another company; however, in the interim, the News attempted to notify the Leepers that they would declare a default under the agreement if the Leepers had not secured insurance by a certain time. The notice was sent by certified mail, but it was sent to the wrong address and was returned to the News. The News instituted foreclosure proceedings, and they purchased the property at the foreclosure sale.
The News claim that the insurance was required by the new agreement executed by the parties. The Leepers admit having signed the new agreement containing the insurance requirement; however, they argue that they signed the agreement because they were instructed by the trial court to do so, and they point out that the trial court clarified that the new agreement was to contain the same requirements as the original agreement. The original agreement had contained no requirement for insurance.
The News filed a brief in support of their motion for summary judgment. The Leep-ers then filed the affidavit of John Leeper, as well as other documents tending to show that a genuine issue of material fact existed as to whether the agreement actually required insurance and, therefore, as to whether the News had wrongfully foreclosed. The trial court entered a summary judgment for the News, and the Leepers appealed.[1] The News have filed no brief on appeal.
We have examined the record in this case, and we conclude that the affidavit submitted by John Leeper, as well as the earlier clarifying order of the trial court, supplied substantial evidence to withstand the motion for summary judgment. See Battles v. Ford Motor Credit Co., 597 So.2d 688, 689 (Ala.1992). Therefore, the judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and STEAGALL, JJ., concur.

. Two trial judges actually presided over the proceedings in this case. The trial judge who entered the summary judgment in this action alleging wrongful foreclosure is not the same judge who made the ruling concerning the sales agreement between the parties and the subsequent clarification of that ruling.